WILLIAM SCHLOSS *vs.* RHODE ISLAND HOSPITAL TRUST COMPANY.

JANUARY 8, 1940.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This bill for the construction of certain trust deeds was certified to this court under general laws 1938, chapter 545, § 7, formerly general laws 1923, chapter 339, sec. 35.   The respondent's answer admits all the allegations of the bill.   The cause is before us on an agreed statement of facts.

By instrument under seal entitled "Trust Agreement", dated January 21, 1926, Fannie N. Schloss transferred and delivered to this respondent and to her son, Berrick Schloss, certain personal property in trust to pay to her the net

income of the fund so created "as Trustee" for the benefit of her son "William Schloss for and during the period of his life in quarterly installments on dates to be selected by said Trustees"; and, from and after her death, "to pay the same in monthly installments *direct* to William Schloss", if he survived her. (italics ours) She further provided that if William predeceased her, the trustees were to pay such income to her during her lifetime in her "own right and not as Trustee."

The trust was to terminate upon the death of Fannie N. Schloss if she survived her son William, otherwise at his death, when the trust fund was to be distributed according to directions which are of no concern in this cause. This trust agreement clearly provided that if Berrick Schloss, the cotrustee, "die before the termination of this Trust that the said Rhode Island Hospital Trust Company shall continue to act *alone* as Trustee as hereinbefore set forth." (italics ours) The trustees accepted the trust and executed the same in accordance with its terms until June 30, 1930.

Between 1926 and 1930 Fannie N. Schloss apparently suffered financial reverses, which put her in need, for her personal use, of the income which she had been receiving as trustee for her son William. Because of this change of circumstances, William, in consideration of "the mutual love and affection" for his mother and other valuable consideration by him received from her, on June 30, 1930 executed the sealed instrument which is directly involved in this cause. By this instrument he conveyed all his rights and privileges in the trust fund and to the income thereof to his mother "for her own exclusive use, during her lifetime", without any liability to account to him or any one else for the same.

This instrument affected the original trust agreement in another material respect. William recites therein that

it is for his best interests that after his mother's death the income be paid to his brother Berrick Schloss for his (William's) use and benefit, instead of to him direct. He therefore provides that upon the death of his mother, all his rights and privileges in the trust fund and to the income thereof shall go to Berrick Schloss "in *trust* for me, paying over and applying said income . . . for my use and benefit in the manner and to the extent which he, in his sole discretion, shall deem necessary and advisable. I hereby agree that said trust shall and may not be revoked or amended without the written approval of both myself and my said Trustee." Finally he authorizes and directs the Rhode Island Hospital Trust Company to pay "such sum and sums of money to which I am or shall be entitled under the provisions of this indenture in accordance with the provisions hereof." This trust was accepted by Berrick Schloss.

The mother, Fannie N. Schloss, died August 26, 1934, whereupon Berrick Schloss, as cotrustee with this respondent, duly administered the original trust, in accordance with the provisions of the subsidiary instrument just described, until his death on August 28, 1938. The complainant in his present bill prays that the trust created and evidenced by the subsidiary instrument of June 30, 1930, be terminated as it is "of no further force and effect"; and further that it be determined and declared that the trust created, evidenced and existing by reason of the original trust agreement of January 21, 1926, "should be administered according to its terms" without reference to the subsidiary instrument "and as though the same did not exist."

From our consideration of the original trust agreement, the subsidiary instrument and the admitted facts in this cause, it is clear to us that Fannie N. Schloss created the original trust primarily for the benefit of her son William

Schloss. The scheme of that trust is equally clear. The Rhode Island Hospital Trust Company and Berrick Schloss were charged with the investment and management of the principal fund, paying to Fannie N. Schloss the net income arising therefrom, which income she was to receive as trustee for her son William Schloss and apply the same in the manner described for his sole benefit during his life. It is significant that this original trust agreement specifically directs the trustees thereunder to pay the income of the trust "in monthly installments *direct* to William Schloss", if living at the time of the mother's death. (italics ours)

By the subsidiary instrument of June 30, 1930, William Schloss, because of a change in family circumstances and mainly out of love and affection for his mother, gave up all claim to the income of the trust fund for his mother's lifetime, so that she might receive that income until her death in her own right and use the same for her own needs. But his right to the benefit of that income for and during his life after her death remained unimpaired.

According to the original trust agreement, the trustees thereunder were instructed to pay the income "direct to William Schloss" from and after the death of Fannie N. Schloss. The subsidiary instrument of June 30, 1930, as to the period after her death, merely changed the means by which these trustees were thereafter to transmit the income to him but it did not, in any way, affect either his right to the income or the duties of the trustees under the original trust agreement.

There is no question that William Schloss was greatly attached to and had implicit faith in his brother Berrick. William's apparent reliance on his brother's judgment respecting his personal affairs caused him to stipulate in the subsidiary instrument of June 30, 1930, that, after the death

of his mother, the income which was then payable by the respondent directly to him should be paid to Berrick, who, as trustee for him, was to administer such income for his benefit "in the manner and to the extent which he (Berrick) in his sole discretion" deemed necessary and advisable.

We find nothing in this instrument which even tends to indicate that, in the event of Berrick's death or disability, any other person was to succeed him as trustee under that instrument. The stipulation therein was that the "trust shall and may not be revoked or amended without the written approval of both myself and my said Trustee", clearly shows that William's sole purpose in creating that trust was to secure for himself the counsel and guidance of his brother, and of no other person, in applying the income to his own needs. The purpose of this trust, so intimate and personal in character, was fulfilled when Berrick Schloss died, August 28, 1938.

On the whole cause, therefore, we are of the opinion that the trust under the subsidiary instrument of June 30, 1930, terminated with the death of Berrick Schloss on August 28, 1938, and that from and after this last-mentioned date, the trust created, evidenced and existing by the original trust agreement of January 21, 1926, must be administered by the respondent in this cause as sole trustee in accordance with its terms, unaffected by the instrument of June 30, 1930.

On January 19, 1940, the parties may present a form of decree, in accordance with this opinion, to be ordered to be entered in the superior court.

*Remington, Thomas & Levy,* for complainant.

*Tillinghast, Collins & Tanner,* for respondent.